UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DENNIS MAGEE                                    CIVIL ACTION

VERSUS                                          NUMBER: 10-1477

BURL CAIN, WARDEN                               SECTION: "J"(5)

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Dennis Magee, along with the State's memorandum in opposition to Magee's habeas application.  (Rec. docs. 3, 14).  Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Magee's petition be dismissed with prejudice as untimely.

Petitioner Magee is a state prisoner who is currently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On October 24, 2003, following trial by jury in the Twenty-Second Judicial District Court for the Parish of Washington,

Magee was found guilty on two counts of aggravated rape.[1]  On January 16, 2004, Magee was sentenced to concurrently-running terms of life imprisonment without benefit of parole, probation or suspension of sentence.[2]  On May 6, 2005, the Louisiana First Circuit Court of Appeal affirmed Magee's convictions and sentences. State v. Magee, 916 So.2d 191 (La. App. 1 Cir. 2005).  Writs were denied by the Louisiana Supreme Court on June 16, 2006.  State ex rel. Magee v. State, 929 So.2d 1277 (La. 2006).  Magee's conviction became final ninety days later, on September 14, 2006, when the delays for seeking a writ of certiorari from the United States Supreme Court expired and no application therefor was made.  See U.S. Sup.Ct. R. 13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834 (2000)(citing 28 U.S.C. §2244(d)(1)(A)).

Thereafter, on September 27, 2007, over a year after his conviction had become final, Magee signed and dated a post-conviction relief application which was later filed with the

---

[1]The pertinent verdict forms are contained in the State rec., vol. 1 of 7, pp. 126-129.

[2]The sentencing proceedings are contained in the State rec., vol. 5 of 7, pp. 89-95.

Washington Parish District Court.[3] Magee's effort to attain state post-conviction relief culminated when the Louisiana Supreme Court, on May 15, 2009, denied his application for supervisory and/or remedial writs as untimely pursuant to La.C.Cr.P. art. 930.8, State ex rel. Magee v. State, 8 So.3d 579 (La. 2009), and denied his application for reconsideration on August 20, 2009. State ex rel. Magee v. State, 15 So.3d 1008 (La. 2009). On January 14, 2010, Magee signed and dated his federal habeas corpus petition.

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Magee have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, Magee's

_____

[3]A copy of Magee's post-conviction application is contained in the State rec., vol. 5 of 7.

3

conviction became final on September 14, 2006 when he failed to seek certiorari from the U.S. Supreme Court following the denial of his writ application by the Louisiana Supreme Court.  At that point, the one-year limitation period set forth in §2244(d) began to run and had expired by the time that Magee signed his state post-conviction application on September 27, 2007.  That being the case, and because no facts are present warranting the application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the petitioner is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights, <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999), <u>cert</u>. <u>denied</u>, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), it will be recommended that Magee's petition be dismissed with prejudice as untimely.

## <u>RECOMMENDATION</u>

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Dennis Magee be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[4]

New Orleans, Louisiana, this 7th day of ___February___, 2011.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[4]Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.